**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

SAMUEL GUILLEN ROMERO,
Petitioner,

v.

JEREMY CASEY, Warden, Otay Mesa Detention Center, et. al.
Respondents.

Case No.: 26-cv-4648-BJC-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On August 14, 2026, Petitioner Samuel Guillen Romero, a citizen of Honduras, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. He asserts he entered the United States in late 2017, as an unaccompanied minor. *Id*. at 3.[1] He further asserts he was detained by federal officials and released by the Office of Refugee Resettlement to a sponsor in February 2018. *Id*. at 3, 5. He filed an application for asylum in 2019, obtained employment authorization and established a residence during his release. *Id*. at 5-6. He was detained by Immigration and Customs Enforcement ("ICE") on August 18, 2026, in Florida. *Id*. 3, 7. He requested an individualized custody redetermination but

[1] Page numbers refer to those generated by the Court's CM/ECF system.

was transferred to the Imperial Regional Detention Facility, where he remains. *Id*. at 3-4, 7. He maintains he is being detained without a bond hearing. *Id*. at 7.

Petitioner argues his continued detention without a custody hearing violates due process. *Id*. at 10-13. In the response to the petition, Respondents "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2.

While Petitioner seeks a bond hearing as an individual arrested by ICE after living in the United States for many years rather than one seeking admission, the petition indicates he had been released to a sponsor following his entry in 2017. In releasing him to a sponsor, there was a determination that Petitioner was neither a danger to the community nor a flight risk. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1177 (N.D. Cal. 2017), aff'd 905 F.3d 1137 (9th Cir. 2018) (The release of unaccompanied minors to a sponsor, pursuant to federal law, reflects a determination by the federal government that the minor is neither dangerous nor a flight risk. . ."). Petitioner was entitled to due process, including written notice, the reasons for the termination of his release, and an opportunity to contest the determination, prior to termination of his release. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends he was detained when he approached his brother's car after his brother was stopped by officers. Petitioner contends has had no individualized determination, and it appears his detention was without notice. The Court finds Petitioner's revocation of his release and detention violated his due process rights.

Accordingly, the Court GRANTS the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.

///

///

///

///

Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close the case.

**IT IS SO ORDERED**.

Dated: September 3, 2026

Honorable Benjamin J. Cheeks
United States District Judge